**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rodney Audie BELVADO, Defendant—
Appellant.**

**No. 06–10699.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 19, 2007.

Kurt M. Altman, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David Michael Cantor, Esq., Law Offices of David Michael Cantor, P.C., Tempe, AZ, for Defendant–Appellant.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Rodney Belvado appeals his conviction for first degree murder of Homer Jess Stevens. We remand for consideration of whether Belvado's confession was knowing.

■ A waiver of Miranda rights by a suspect in custody must be both knowing and voluntary. *Benson v. Terhune,* 304 F.3d 874, 882 (9th Cir.2002). The district court's order denying Belvado's motion to suppress his confession contains a detailed analysis of the voluntariness of Belvado's confession. But the order did not make clear that the court considered whether Belvado's confession was also knowing. Given Belvado's mental retardation, there is a distinct question as to the knowingness of his confession. *See United States v. Garibay,* 143 F.3d 534, 537–38 (9th Cir.

1998). We therefore remand to the district court to determine whether Johnson confessed "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *See Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).

■ We find no merit in Belvado's other two challenges to his conviction. First, Belvado was able to present evidence from his mental health expert regarding how his mental retardation could have affected the reliability of statements in his confession. Between the expert's testimony and Belvado's counsel's closing argument, the jury had enough information to decide whether Belvado's confession was truthful or the product of suggestion. *See United States v. Finley,* 301 F.3d 1000, 1015–16 (9th Cir.2002).

Second, the district court did not err in denying Belvado's motion to dismiss the case for lack of corroborating evidence. Although there was no physical evidence tying Belvado to the crime, witnesses placed him at the scene and other evidence corroborated details in his confession. *United States v. Corona–Garcia,* 210 F.3d 973, 978 (9th Cir.2000).

**REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.